IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MORRIS and LATONIA MORRIS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | |
| BORGWARNER, | ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiffs, CHRISTOPHER MORRIS and LATONIA MORRIS ("Plaintiffs"), by and through their attorneys, Barry A. Gomberg and Luanne M. Galovich of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, BORGWARNER, states as follows:

## PARTIES

1.      Plaintiffs, Christopher Morris and Latonia Morris, are individuals residing in Aurora, Illinois

2.      Defendant BorgWarner ("Defendant") is a company transacting business in the State of Illinois, with offices located at 700 South 25th Avenue, Bellwood, Illinois 60104.

## JURISDICTION AND VENUE

3.      The claims against Defendant are for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4.      Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

1

5. This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

**COUNT I -**
**RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT**
**CHRISTOPHER MORRIS**

1-5. Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6. Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7. Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9. Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10. Plaintiff is African American.

11. Plaintiff was hired by Defendant on or about May 12, 2014.

12. Plaintiff was subjected to a hostile work environment at Respondent and subjected to termination because of his race by his supervisor, Jose Lasanta (Hispanic).

13.     Jose Lasanta made racially discriminatory and racially hostile comments to Plaintiff throughout his supervision of Plaintiff.

14.     In or about February 2021, upon first meeting with Jose Lasanta, Mr. Lasanta said to Plaintiff in his office, "I am surprised you are black," that he was glad that Plaintiff didn't have the sense of entitlement that most of Plaintiff's kind had and that he hoped Plaintiff could spread that to the rest of the "brothers."

15.     Not long after, Plaintiff was told by Lasanta that he was to train Mr. Luigi Perez (Hispanic) as a technician as soon as possible even though Karey Bailey (African American) had been told that he was next to be trained. When Plaintiff asked why Mr. Bailey was not next to be trained, Mr. Lasanta said that Plaintiff needed to do what his black ass was told, that he was sick of him and that he needed to fall in line with his program.

16.     Mr. Lasanta said that Plaintiff should tell, "The Black folks with the lazy attitudes that their time was up."

17.     Plaintiff spoke with HR and complained about race discrimination and the creation of a hostile work environment by Mr. Lasanta.  HR stated that they would look into the complaints but Plaintiff was never contacted by anyone about his complaints.

18.     In May 2021, Lasanta told Plaintiff that he was going to be moved to the MSBD department.  Plaintiff told Mr. Lasanta that he never wanted to move to MSBD because it would create conflict on the floor, stress to Plaintiff and that it was against company policy because Plaintiff's wife worked in the department.

19.     In May 2021, Lasanta commented to Plaintiff that, "[you are] turning out to be just another one of those self-absorbed black people that didn't care about anything but [himself]."

20.     In August 2021, Mr. Lasanta attempted to get Plaintiff's spouse to move to a 12-hour shift but she refused based upon her high seniority.  Mr. Lasanta then called Plaintiff into his office the next morning where he told Plaintiff, "That is why we look at you people as niggers still. You can't even control your women."  Mr. Lasanta then threatened that if Plaintiff's spouse did not fall in line that he would put Plaintiff and his spouse on different shifts where they would never see each other again.

21.     Plaintiff told Mr. Lasanta that he declined to tell his wife to "fall in line" and Lasanta told Plaintiff that he would put his "over-grown black ass on the street just like one of these other niggers [he] has run out of here."

22.     Plaintiff told Lasanta that he was worried about his job.  Lasanta said he did not care, that he could move Plaintiff anywhere he wanted and that contacting HR would upset Lasanta but it didn't matter because he would take care of that too.

23.     Throughout his supervision of Plaintiff, Mr. Lasanta allowed others at Defendant to harass Plaintiff such as when Hispanic employee, Marco Maciel, said that, "His people did not have to take orders from people like [Plaintiff]." Plaintiff wrote the incident up and sent copies to HR and Mr. Lasanta, but HR and Lasanta did nothing. Mr. Lasanta told Plaintiff that Plaintiff would have to understand that Hispanic men are proud and still look at Black men like Niggers.

24.     In meetings with Mr. Lasanta moving forward, he continued to make demands eventually saying that Plaintiff was not to even talk to his wife during their work shift.  Mr. Lasanta informed Plaintiff if they wanted to have lunch, Plaintiff would have to meet with her in a room in the front offices.

25.     In November 2021, Plaintiff informed Mr. Lasanta that it was Plaintiff's job to get his wife in line or he would get rid of both of their black asses and start over.  He told Plaintiff that he no longer needed them because he had a blueprint for success and that no niggers can tell him what to do because they cannot go anyplace else and make the same money they made at Defendant.

26.     Not long after Plaintiff was working in MSBD, complaints were made by others regarding his working with his spouse. Plaintiff asked Mr. Lasanta if he could move back to his old position in the GMA department. Lasanta refused and said that he wanted a "black" to keep the "other blacks in line" in the MSBD department.

27.     Plaintiff informed Lasanta that he would be contacting corporate as HR was doing nothing to assist him and his spouse regarding the race discrimination, hostile work environment, and being required to work against company policy.  By the end of the day Plaintiff was instructed not to come back to work.

28.     On November 11, 2011, Plaintiff was terminated by Defendant because of his race.

29.     Plaintiff was not subjected to progressive discipline.

30.     Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant and Mr. Lasanta made racially discriminatory and racially hostile comments towards Plaintiff.

31. As a result of Defendant's race based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss

of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff CHRISTOPHER MORRIS prays for judgment against Defendant BORGWARNER, as follows:

A.  For back pay from November 11, 2021 to the present;

B.  For an award of compensatory damages for Plaintiff's injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.  Reinstatement and/or front pay if reinstatement is not appropriate;

D.  Punitive damages;

E.  For attorney's fees and costs of this suit; and

F.  For such other and further relief as is just and equitable.

## COUNT II -
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT
## LATONIA MORRIS

1-5.  Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6.  Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination/hostile work environment with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit C.

7.  Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit D.

8.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9.      Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10.     Plaintiff is African American.

11.     Plaintiff was hired by Defendant on or about March 3, 1999.

12.     On November 16, 2021, Plaintiff was terminated by Defendant because of her race.

13.     In February 2021, Plaintiff's spouse, Christopher Morris, informed Plaintiff that their supervisor, Jose Lasanta, had threatened him and made racially discriminatory and hostile comments about African Americans such as referring to them as niggers and making comments about their black asses.

14.     After hearing about Mr. Lasanta's racially discriminatory and hostile comments about African Americans, and Plaintiff and her spouse in particular, Plaintiff became concerned about her job and working under Mr. Lasanta.

15.     In or about May 2021, Plaintiff complained to Mr. Lasanta, and HR on numerous occasions about the decision to transfer her spouse to her work department because doing so was against company policy and other co-workers were complaining about same.

16.     In or about May 2021, Plaintiff was informed by Mr. Lasanta that she was not to talk to her spouse during the shift and if they wanted to have lunch together, that her spouse was to meet her in a room in the front offices.

17.     Non-African American couples were not similarly forbidden to interact at work by Defendant.

18.     Neither Mr. Lasanta, nor HR, listened to Plaintiff's requests and concerns about her spouse being moved to her work department at Defendant which caused Plaintiff emotional distress.

19.     Plaintiff observed that her spouse continued to be harassed and subjected to a hostile work environment until he was terminated in November 11, 2021.

20.     Plaintiff was terminated from her position effective November 16, 2021.

21.     The reason for Plaintiff's termination was pretextual because she performed her job duties in a satisfactory manner and Mr. Lasanta placed Plaintiff in a position where she had to work directly with her spouse despite complaints by co-workers and Plaintiff's requests that she not be made to do so.

22.     Defendant did not issue Plaintiff progressive discipline.

23.     Employees of Defendant who were not African American were treated more favorably than Plaintiff such as Mark and Lisa Hernandez (Hispanic) who were permitted to fraternize at work and were not accused of treating their spouse better than other employees they supervised at work.

24.     As a result of Defendant's race based discriminatory and hostile conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff LATONIA MORRIS prays for judgment against Defendant BORGWARNER, as follows:

A.     For back pay from November 16, 2021 to the present;

B.      For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.      Reinstatement and/or front pay if reinstatement is not appropriate;

D.      Punitive damages;

E.      For attorney's fees and costs of this suit; and

F.      For such other and further relief as is just and equitable.

## COUNT III
## TITLE VII RETALIATION – CHRISTOPHER MORRIS

1-5.      Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6.      Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination and retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

7.      Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9.      Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10.     Plaintiff is African American.

11.     Plaintiff was hired by Defendant on or about May 12, 2014.

12.     On November 11, 2021, Plaintiff was terminated by Defendant for engaging in protected activity.

13.     Plaintiff complained to Human Resources that his supervisor, Jose Lasanta, made racially discriminatory comments to him and created a hostile work environment at Defendant because of his race.

14.     Despite Plaintiff's complaints to Human Resources, nothing was done to discipline Mr. Lasanta and/or improve the racially hostile work conditions at Defendant.

15.     Plaintiff was terminated from his position effective November 11, 2021 for engaging in protected activity and after informing Mr. Lasanta that he intended to contact the Defendant's corporate office to complain about race discrimination and hostile work environment because Human Resources and Lasanta had done nothing to address his prior complaints regarding same.

16.     Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant and who did not receive racially discriminatory comments from Mr. Lasanta.

17.     Respondent did not issue Plaintiff progressive discipline prior to his termination.

18.     As a result of Defendant's race based discriminatory, hostile and retaliatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff CHRISTOPHER MORRIS prays for judgment against Defendant BORGWARNER, as follows:

A.     For back pay from November 11, 2021 to the present;

B.     For an award of compensatory damages for Plaintiff's injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.     Reinstatement and/or front pay if reinstatement is not appropriate;

D.     Punitive damages;

E.     For attorney's fees and costs of this suit; and

F.     For such other and further relief as is just and equitable.

## COUNT IV
## TITLE VII RETALIATION – LATONIA MORRIS

1-5.    Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

6.      Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination and retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit C.

7.      Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit D.

8.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

9.     Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

10.     Plaintiff is African American.

11.     Plaintiff was hired by Defendant on or about March 3, 1999.

12.     On November 16, 2021, Plaintiff was terminated by Defendant for engaging in protected activity.

13.     In or about February 2021, Plaintiff complained to Human Resources and Lasanta that her supervisor, Jose Lasanta, made racially discriminatory comments to her and created a hostile work environment at Defendant because of her race.

14.     Despite Plaintiff's complaints to Human Resources, nothing was done to discipline Mr. Lasanta or improve the racially discriminatory and hostile work conditions at Defendant.

15.     Plaintiff was terminated from her position effective November 16, 2021 for engaging in protected activity after her spouse informed Mr. Lasanta that he intended to contact Defendant's corporate office to complain about race discrimination and hostile work environment towards himself and his spouse because Human Resources and Lasanta had done nothing to address his prior complaints regarding same.

16.     Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant and who did not receive racially discriminatory comments from Mr. Lasanta.

17.     Respondent did not issue Plaintiff progressive discipline prior to her termination.

18.     As a result of Defendant's race based discriminatory, hostile and retaliatory conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff LATONIA MORRIS prays for judgment against Defendant BORGWARNER, as follows:

A.     For back pay from November 16, 2021 to the present;

B.     For an award of compensatory damages for Plaintiff's injury to her career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.     Reinstatement and/or front pay if reinstatement is not appropriate;

D.     Punitive damages;

E.     For attorney's fees and costs of this suit; and

F.     For such other and further relief as is just and equitable.

Respectfully submitted,

CHRISTOPHER MORRIS and
LATONIA MORRIS

By: s/ Barry A. Gomberg
     One of Plaintiff's Attorneys

Barry A. Gomberg
Luanne M. Galovich
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550