# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER MORRIS and**<br>**LATONIA MORRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-02764 |
| | ) | |
| **BORGWARNER** | ) | Honorable Jorge L. Alonso |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant BorgWarner Transmissions Products LLC (incorrectly identified as "BorgWarner") (hereinafter "Defendant"), by and through its attorneys, MWH Law Group LLP, hereby sets forth the following as and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Christopher Morris and Latonia Morris (collectively, "Plaintiffs") (individually, "C. Morris" and "L. Morris" respectively), denying each and every allegation of said Complaint, except, and only to the extent, as is herein expressly admitted or qualified:

## PARTIES

**Complaint Paragraph 1:** Plaintiffs, Christopher Morris and Latonia Morris, are individuals residing in Aurora, Illinois.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that Plaintiffs are individuals. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the Plaintiffs reside in Aurora, Illinois and therefore denies the same and puts Plaintiffs to their proof.

**Complaint Paragraph 2:** Defendant BorgWarner ("Defendant") is a company transacting business in the State of Illinois, with offices located at 700 South 25th Avenue, Bellwood, Illinois 60104.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit.

## JURISDICTION AND VENUE

**Complaint Paragraph 3:** The claims against Defendant are for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that Plaintiffs bring this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"); Deny any allegation or inference that Defendant violated the law and deny that it violated Plaintiffs' rights in any way.

**Complaint Paragraph 4:** Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as these claims arise under the laws of the United States of America.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant answers this paragraph as follows: Admit only that this Court has subject matter jurisdiction over Plaintiffs' Title VII claims.

**Complaint Paragraph 5:** This Court is the proper venue for this lawsuit in that the facts giving rise to this lawsuit occurred in this judicial district.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant answers this paragraph as follows: Admit only that venue is proper based on the allegation that a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## COUNT I
## [ALLEGED] RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT
## CHRISTOPHER MORRIS

**Complaint Paragraph 1-5:** Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

**Answer:** In answering this Complaint Paragraph, Defendant re-alleges and reincorporates by reference as if fully set forth herein each and every answer presented in its responses to paragraphs 1 through 5 above.

**Complaint Paragraph 6:** Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that C. Morris filed this lawsuit subsequent to filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") and that a purported copy of a Charge of Discrimination is attached to the Complaint in this matter. Defendant avers that the Charge of Discrimination speaks for itself and denies any allegation regarding its contents which is inconsistent with the same. Defendant lacks knowledge or information sufficient to form a belief as to the full extent of Plaintiffs' allegations of harassment and discrimination in this case and thus lacks knowledge or information sufficient to form a belief as to whether all of the issues C. Morris intends to advance in this case were timely asserted in an EEOC or IDHR Charge of Discrimination. Defendant therefore denies the allegations of this Complaint Paragraph regarding timely filed Charges of Discrimination and puts C. Morris to his proof. The remaining allegations of this Complaint Paragraph are denied.

**Complaint Paragraph 7:** Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that C. Morris filed this lawsuit within 90 days of the Right to Sue Letter attached to his Complaint as Exhibit B.

3

**Complaint Paragraph 8:** Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq..

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states as follows: Admit only that C. Morris was protected by the provisions of Title VII during his employment with Defendant; Deny any allegation or inference that Defendant violated Plaintiffs' rights in any way.

**Complaint Paragraph 9:** Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant answers this paragraph as follows: Admit that during Plaintiffs' employment with it Defendant did business in this judicial circuit and was an employer under Title VII that employed more than fifteen individuals.

**Complaint Paragraph 10:** Plaintiff is African American.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief.

**Complaint Paragraph 11:** Plaintiff was hired by Defendant on or about May 12, 2014.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit.

**Complaint Paragraph 12:** Plaintiff was subjected to a hostile work environment at Respondent and subjected to termination because of his race by his supervisor, Jose Lasanta (Hispanic).

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 13:** Jose Lasanta made racially discriminatory and racially hostile comments to Plaintiff throughout his supervision of Plaintiff.

4

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 14:** In or about February 2021, upon first meeting with Jose Lasanta, Mr. Lasanta said to Plaintiff in his office, "I am surprised you are black," that he was glad that Plaintiff didn't have the sense of entitlement that most of Plaintiff's kind had and that he hoped Plaintiff could spread that to the rest of the "brothers."

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 15:** Not long after, Plaintiff was told by Lasanta that he was to train Mr. Luigi Perez (Hispanic) as a technician as soon as possible even though Karey Bailey (African American) had been told that he was next to be trained. When Plaintiff asked why Mr. Bailey was not next to be trained, Mr. Lasanta said that Plaintiff needed to do what his black ass was told, that he was sick of him and that he needed to fall in line with his program.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 16:** Mr. Lasanta said that Plaintiff should tell, "The Black folks with the lazy attitudes that their time was up."

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 17:** Plaintiff spoke with HR and complained about race discrimination and the creation of a hostile work environment by Mr. Lasanta. HR stated that they would look into the complaints but Plaintiff was never contacted by anyone about his complaints.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 18:** In May 2021, Lasanta told Plaintiff that he was going to be moved to the MSBD department. Plaintiff told Mr. Lasanta that he never wanted to move to MSBD because it would create conflict on the floor, stress to Plaintiff and that it was against company policy because Plaintiff's wife worked in the department.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief that C. Morris was informed by Jose LaSanta ("Mr. LaSanta") that he would be moved into the MSBD department, and that C. Morris expressed reservations to Mr. LaSanta

about working in this same department as his wife. Defendant also admits that C. Morris' wife worked in MSBD department at the time C. Morris moved into MSBD but affirmatively states that C. Morris and his wife were initially assigned to different areas within MSBD. Defendant lacks knowledge or information sufficient to form a belief as to when exactly C. Morris' above-referenced conversation with Mr. LaSanta occurred and every word that may or may not have been said during that conversation(s) and therefore denies the remaining allegations of this Complaint Paragraph and puts C. Morris to his proof.

**Complaint Paragraph 19:** In May 2021, Lasanta commented to Plaintiff that, "[you are] turning out to be just another one of those self-absorbed black people that didn't care about anything but [himself]."

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 20:** In August 2021, Mr. Lasanta attempted to get Plaintiff's spouse to move to a 12-hour shift but she refused based upon her high seniority. Mr. Lasanta then called Plaintiff into his office the next morning where he told Plaintiff, "That is why we look at you people as niggers still. You can't even control your women." Mr. Lasanta then threatened that if Plaintiff's spouse did not fall in line that he would put Plaintiff and his spouse on different shifts where they would never see each other again.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief that Mr. LaSanta at some point during L. Morris' employment asked L. Morris and other employees whether they were interested in moving on a volunteer basis to a 12-hour shift and that L. Morris declined; Deny the remaining allegations upon information and belief.

**Complaint Paragraph 21:** Plaintiff told Mr. Lasanta that he declined to tell his wife to "fall in line" and Lasanta told Plaintiff that he would put his "over-grown black ass on the street just like one of these other niggers [he] has run out of here."

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 22:** Plaintiff told Lasanta that he was worried about his job. Lasanta said he did not care, that he could move Plaintiff anywhere he wanted and that contacting HR would upset Lasanta but it didn't matter because he would take care of that too.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 23:** Throughout his supervision of Plaintiff, Mr. Lasanta allowed others at Defendant to harass Plaintiff such as when Hispanic employee, Marco Maciel, said that, "His people did not have to take orders from people like [Plaintiff]." Plaintiff wrote the incident up and sent copies to HR and Mr. Lasanta, but HR and Lasanta did nothing. Mr. Lasanta told Plaintiff that Plaintiff would have to understand that Hispanic men are proud and still look at Black men like Niggers.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief that C. Morris raised with Mr. LaSanta an issue with the employee referenced in this paragraph allegedly not following C. Morris' work direction; Deny remaining allegations.

**Complaint Paragraph 24:** In meetings with Mr. Lasanta moving forward, he continued to make demands eventually saying that Plaintiff was not to even talk to his wife during their work shift. Mr. Lasanta informed Plaintiff if they wanted to have lunch, Plaintiff would have to meet with her in a room in the front offices.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 25:** In November 2021, Plaintiff informed Mr. Lasanta that it was Plaintiff's job to get his wife in line or he would get rid of both of their black asses and start over. He told Plaintiff that he no longer needed them because he had a blueprint for success and that no niggers can tell him what to do because they cannot go anyplace else and make the same money they made at Defendant.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 26:** Not long after Plaintiff was working in MSBD, complaints were made by others regarding his working with his spouse. Plaintiff asked Mr. Lasanta if he could move back to his old position in the GMA department. Lasanta refused and said that he wanted a "black" to keep the "other blacks in line" in the MSBD department.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that C. Morris at some point asked Mr. LaSanta if he could move back into his former position in the GMA department and that while C. Morris was in the MSBD department several employees complained about C. Morris showing favoritism toward his spouse and arguing with his spouse during work hours. Defendant further admits that Mr. LaSanta declined to move C. Morris back into his former department. Defendant denies upon information and belief the alleged comments attributed to Mr. LaSanta. Defendant lacks knowledge or information sufficient to form a belief as to what is contemplated by the phrase "not long after Plaintiff was working in MSBD" in this Complaint Paragraph and therefore denies all allegations related to that reference and puts C. Morris to his proof. Unless expressly admitted or qualified, the allegations of this Complaint Paragraph are denied.

**Complaint Paragraph 27:** Plaintiff informed Lasanta that he would be contacting corporate as HR was doing nothing to assist him and his spouse regarding the race discrimination, hostile work environment, and being required to work against company policy. By the end of the day Plaintiff was instructed not to come back to work.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief that C. Morris indicated to Mr. LaSanta that he would go to corporate about his concerns regarding working in the same department with his wife; Deny upon information and belief that C. Morris made any reference to race discrimination or a racially hostile work environment in his comments to Mr. LaSanta about going to corporate. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to who allegedly instructed C. Morris to not return to work and therefore denies all allegations related to that reference and puts C. Morris to his proof. Defendant denies upon information and belief the remaining allegations of this Complaint Paragraph.

8

**Complaint Paragraph 28:** On November 11, 2011, Plaintiff was terminated by Defendant because of his race.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 29:** Plaintiff was not subjected to progressive discipline.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to what in particular is contemplated by Plaintiff's reference to "progressive discipline" and whether Plaintiff's reference to the same is consistent with Defendant's concept and applications of progressive discipline. Accordingly, Defendant denies the allegations of this Complaint Paragraph as stated. Defendant further denies any allegation or inference in this Complaint Paragraph that there was some type of right or guarantee to progressive discipline to which Plaintiffs were entitled or that progressive discipline was otherwise warranted in Plaintiffs' circumstances given the nature of their actions and misconduct. Defendant affirmatively states that Plaintiffs were counseled or reprimanded on failing to meet performance or conduct expectations prior to their discharges.

**Complaint Paragraph 30:** Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant and Mr. Lasanta made racially discriminatory and racially hostile comments towards Plaintiff.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 31:** As a result of Defendant's race based discriminatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

## COUNT II
## [ALLEGED] RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT
## LATONIA MORRIS

**Complaint Paragraph 1-5:** Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

**Answer:** In answering this Complaint Paragraph, Defendant re-alleges and reincorporates by reference as if fully set forth herein each and every answer presented in its responses to paragraphs 1 through 5 above.

**Complaint Paragraph 6:** Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination/hostile work environment with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit C.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that L. Morris filed this lawsuit subsequent to filing a Charge of Discrimination with the EEOC and IDHR and that a purported copy of a Charge of Discrimination is attached to the Complaint in this matter. Defendant avers that the Charge of Discrimination speaks for itself and denies any allegation regarding its contents which is inconsistent with the same. Defendant lacks knowledge or information sufficient to form a belief as to the full extent of Plaintiffs' allegations of harassment and discrimination in this case and thus lacks knowledge or information sufficient to form a belief as to whether all of the issues L. Morris intends to advance in this case were timely asserted in an EEOC or IDHR Charge of Discrimination. Defendant therefore denies the allegations of this Complaint Paragraph regarding timely filed Charges of Discrimination and puts L. Morris to her proof. The remaining allegations of this Complaint Paragraph are denied.

**Complaint Paragraph 7:** Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit D.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that L. Morris filed this lawsuit within 90 days of the Right to Sue Letter attached to her Complaint as Exhibit D.

**Complaint Paragraph 8:** Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states as follows: Admit only that L. Morris was protected by the provisions of Title VII during her employment with Defendant; Deny any allegation or inference that Defendant violated Plaintiffs' rights in any way.

**Complaint Paragraph 9:** Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant answers this paragraph as follows: Admit that during Plaintiffs' employment with it Defendant did business in this judicial circuit and was an employer under Title VII that employed more than fifteen individuals.

**Complaint Paragraph 10:** Plaintiff is African American.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief.

**Complaint Paragraph 11:** Plaintiff was hired by Defendant on or about March 3, 1999.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny as stated; Admit that Plaintiff was hired by Defendant on or about March 8, 1999.

**Complaint Paragraph 12:** On November 16, 2021, Plaintiff was terminated by Defendant because of her race.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 13:** In February 2021, Plaintiff's spouse, Christopher Morris, informed Plaintiff that their supervisor, Jose Lasanta, had threatened him and made racially discriminatory and hostile comments about African Americans such as referring to them as niggers and making comments about their black asses.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to what L. Morris' spouse allegedly told her and therefore denies the allegations in this paragraph and puts L. Morris to her proof. Defendant denies any allegation or inference that Defendant violated Plaintiffs' rights in any way.

**Complaint Paragraph 14:** After hearing about Mr. Lasanta's racially discriminatory and hostile comments about African Americans, and Plaintiff and her spouse in particular, Plaintiff became concerned about her job and working under Mr. Lasanta.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to L. Morris' alleged state of mind and therefore denies the same and puts L. Morris to her proof. Defendant denies any allegation or inference that Defendant violated Plaintiffs' rights in any way. Defendant also denies upon information and belief the alleged conduct attributed to Mr. LaSanta in this Complaint Paragraph.

**Complaint Paragraph 15:** In or about May 2021, Plaintiff complained to Mr. Lasanta, and HR on numerous occasions about the decision to transfer her spouse to her work department because doing so was against company policy and other co-workers were complaining about same.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief that L. Morris spoke with Mr. LaSanta about concerns of her spouse working in the same department as her after employees began complaining of her harassing female employees who talked to her spouse. Defendant lacks knowledge or information sufficient to form a belief as to every word that may or may not have been said during the referenced conversation(s)

with Mr. LaSanta and therefore denies the remaining allegations related to the same and puts L. Morris to her proof. Defendant also lacks knowledge or information sufficient to form a belief as to what is contemplated by the phrase "numerous occasions" and who in HR she allegedly complained to and when. Defendant therefore denies the allegations in this Complaint Paragraph related to those references and puts L. Morris to her proof.

**Complaint Paragraph 16:** In or about May 2021, Plaintiff was informed by Mr. Lasanta that she was not to talk to her spouse during the shift and if they wanted to have lunch together, that her spouse was to meet her in a room in the front offices.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny upon information and belief.

**Complaint Paragraph 17:** Non-African American couples were not similarly forbidden to interact at work by Defendant.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to who L. Morris is referring to with her reference to "non-African American couples" and therefore denies the same and puts L. Morris to her proof. Defendant denies any allegation or inference in this Complaint Paragraph that L. Morris was singled out or treated differently because she is African American.

**Complaint Paragraph 18:** Neither Mr. Lasanta, nor HR, listened to Plaintiff's requests and concerns about her spouse being moved to her work department at Defendant which caused Plaintiff emotional distress.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 19:** Plaintiff observed that her spouse continued to be harassed and subjected to a hostile work environment until he was terminated in November 11, 2021.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to what L. Morris' allegedly observed and therefore denies the same and puts L. Morris to her proof. Defendant further denies any allegation or

inference that C. Morris was harassed or subjected to a hostile work environment on the basis of a protected characteristic.

**Complaint Paragraph 20:** Plaintiff was terminated from her position effective November 16, 2021.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit.

**Complaint Paragraph 21:** The reason for Plaintiff's termination was pretextual because she performed her job duties in a satisfactory manner and Mr. Lasanta placed Plaintiff in a position where she had to work directly with her spouse despite complaints by co-workers and Plaintiff's requests that she not be made to do so.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 22:** Defendant did not issue Plaintiff progressive discipline.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to what in particular is contemplated by Plaintiff's reference to "progressive discipline" and whether Plaintiff's reference to the same is consistent with Defendant's concept and applications of progressive discipline. Accordingly, Defendant denies the allegations of this Complaint Paragraph as stated. Defendant further denies any allegation or inference in this Complaint Paragraph that there was some type of right or guarantee to progressive discipline to which Plaintiffs were entitled or that progressive discipline was otherwise warranted in Plaintiffs' circumstances given the nature of their actions and misconduct. Defendant affirmatively states that Plaintiffs were counseled or reprimanded on failing to meet performance or conduct expectations prior to their discharges.

**Complaint Paragraph 23:** Employees of Defendant who were not African American were treated more favorably than Plaintiff such as Mark and Lisa Hernandez (Hispanic) who were permitted to fraternize at work and were not accused of treating their spouse better than other employees they supervised at work.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that Defendant did not receive reports of Mark and Lisa Hernandez exhibiting favoritism toward each

14

other or otherwise engaging in the misconduct Plaintiffs engaged in during their employment with

Defendant; Deny the remaining allegations, including any allegation or inference that Plaintiffs

were treated differently because they are African American as well as any allegation or inference

that Plaintiff's rights were violated in any way.

**Complaint Paragraph 24:** As a result of Defendant's race based discriminatory and
hostile conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering,
inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for
which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**COUNT III**
**[ALLEGED] TITLE VII RETALIATION -- CHRISTOPHER MORRIS**

**Complaint Paragraph 1-5:** Plaintiff restates and re-alleges paragraphs 1-5 above as
though fully set forth herein.

**Answer:** In answering this Complaint Paragraph, Defendant re-alleges and reincorporates

by reference as if fully set forth herein each and every answer presented in its responses to

paragraphs 1 through 5 above.

**Complaint Paragraph 6:** Plaintiff has filed this cause subsequent to the timely filing of a
Charge of Discrimination based on race discrimination and retaliation with the Illinois Department
of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of
which is attached hereto as Exhibit A.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that

C. Morris filed this lawsuit subsequent to filing a Charge of Discrimination with the EEOC and

IDHR and that a purported copy of a Charge of Discrimination is attached to the Complaint in this

matter. Defendant avers that the Charge of Discrimination speaks for itself and denies any

allegation regarding its contents which is inconsistent with the same. Defendant lacks knowledge

or information sufficient to form a belief as to the full extent of Plaintiffs' allegations of

harassment, discrimination and retaliation in this case and thus lacks knowledge or information

15

sufficient to form a belief as to whether all of the issues C. Morris intends to advance in this case were timely asserted in an EEOC or IDHR Charge of Discrimination. Defendant therefore denies the allegations of this Complaint Paragraph regarding timely filed Charges of Discrimination and puts C. Morris to his proof. The remaining allegations of this Complaint Paragraph are denied.

**Complaint Paragraph 7:** Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that C. Morris filed this lawsuit within 90 days of the Right to Sue Letter attached to his Complaint as Exhibit B.

**Complaint Paragraph 8:** Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states as follows: Admit only that C. Morris was protected by the provisions of Title VII during his employment with Defendant; Deny any allegation or inference that Defendant violated Plaintiffs' rights in any way.

**Complaint Paragraph 9:** Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant answers this paragraph as follows: Admit that during Plaintiffs' employment with it Defendant did business in this judicial circuit and was an employer under Title VII that employed more than fifteen individuals.

**Complaint Paragraph 10:** Plaintiff is African American.

16

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief.

**Complaint Paragraph 11:** Plaintiff was hired by Defendant on or about May 12, 2014.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit.

**Complaint Paragraph 12:** On November 11, 2021, Plaintiff was terminated by Defendant for engaging in protected activity.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 13:** Plaintiff complained to Human Resources that his supervisor, Jose Lasanta, made racially discriminatory comments to him and created a hostile work environment at Defendant because of his race.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 14:** Despite Plaintiff's complaints to Human Resources, nothing was done to discipline Mr. Lasanta and/or improve the racially hostile work conditions at Defendant.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 15:** Plaintiff was terminated from his position effective November 11, 2021 for engaging in protected activity and after informing Mr. Lasanta that he intended to contact the Defendant's corporate office to complain about race discrimination and hostile work environment because Human Resources and Lasanta had done nothing to address his prior complaints regarding same.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 16:** Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant who were not discharged by Defendant and who did not receive racially discriminatory comments from Mr. Lasanta.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 17:** Respondent did not issue Plaintiff progressive discipline prior to his termination.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to what in particular is contemplated by Plaintiff's

17

reference to "progressive discipline" and whether Plaintiff's reference to the same is consistent with Defendant's concept and applications of progressive discipline. Accordingly, Defendant denies the allegations of this Complaint Paragraph as stated. Defendant further denies any allegation or inference in this Complaint Paragraph that there was some type of right or guarantee to progressive discipline to which Plaintiffs were entitled or that progressive discipline was otherwise warranted in Plaintiffs' circumstances given the nature of their actions and misconduct. Defendant affirmatively states that Plaintiffs were counseled or reprimanded on failing to meet performance or conduct expectations prior to their discharges.

**Complaint Paragraph 18:** As a result of Defendant's race based discriminatory, hostile and retaliatory conduct, Plaintiff has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**COUNT IV**
**[ALLEGED] TITLE VII RETALIATION -- LATONIA MORRIS**

**Complaint Paragraph 1-5:** Plaintiff restates and re-alleges paragraphs 1-5 above as though fully set forth herein.

**Answer:** In answering this Complaint Paragraph, Defendant re-alleges and reincorporates by reference as if fully set forth herein each and every answer presented in its responses to paragraphs 1 through 5 above.

**Complaint Paragraph 6:** Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination and retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit C.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that L. Morris filed this lawsuit subsequent to filing a Charge of Discrimination with the EEOC and IDHR and that a purported copy of a Charge of Discrimination is attached to the Complaint in this

matter. Defendant avers that the Charge of Discrimination speaks for itself and denies any allegation regarding its contents which is inconsistent with the same. Defendant lacks knowledge or information sufficient to form a belief as to the full extent of Plaintiffs' allegations of harassment, discrimination and retaliation in this case and thus lacks knowledge or information sufficient to form a belief as to whether all of the issues L. Morris intends to advance in this case were timely asserted in an EEOC or IDHR Charge of Discrimination. Defendant therefore denies the allegations of this Complaint Paragraph regarding timely filed Charges of Discrimination and puts L. Morris to her proof. The remaining allegations of this Complaint Paragraph are denied.

**Complaint Paragraph 7:** Plaintiff has filed this cause pursuant to issuance of a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit D.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit that L. Morris filed this lawsuit within 90 days of the Right to Sue Letter attached to his Complaint as Exhibit D.

**Complaint Paragraph 8:** Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states as follows: Admit only that L. Morris was protected by the provisions of Title VII during her employment with Defendant; Deny any allegation or inference that Defendant violated Plaintiffs' rights in any way.

**Complaint Paragraph 9:** Defendant, at all times pertinent hereto, did business within the venue and jurisdiction of this judicial circuit and was an employer as defined by 42 U.S.C. § 2000e and employed more than fifteen individuals as defined by 42 U.S.C. § 2000e.

**Answer:** In answering this Complaint Paragraph, Defendant avers that the allegations contained therein constitute legal conclusions to which no responsive pleading is required. To the

extent a response is required, Defendant answers this paragraph as follows: Admit that during Plaintiffs' employment with it Defendant did business in this judicial circuit and was an employer under Title VII that employed more than fifteen individuals.

**Complaint Paragraph 10:** Plaintiff is African American.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Admit upon information and belief.

**Complaint Paragraph 11:** Plaintiff was hired by Defendant on or about March 3, 1999.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny as stated; Admit that Plaintiff was hired by Defendant on or about March 8, 1999.

**Complaint Paragraph 12:** On November 16, 2021, Plaintiff was terminated by Defendant for engaging in protected activity.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 13:** In or about February 2021, Plaintiff complained to Human Resources and Lasanta that her supervisor, Jose Lasanta, made racially discriminatory comments to her and created a hostile work environment at Defendant because of her race.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 14:** Despite Plaintiff's complaints to Human Resources, nothing was done to discipline Mr. Lasanta or improve the racially discriminatory and hostile work conditions at Defendant.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 15:** Plaintiff was terminated from her position effective November 16, 2021 for engaging in protected activity after her spouse informed Mr. Lasanta that he intended to contact Defendant's corporate office to complain about race discrimination and hostile work environment towards himself and his spouse because Human Resources and Lasanta had done nothing to address his prior complaints regarding same.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 16:** Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff's performance was as good, if not better, than non-Black employees of Defendant

20

who were not discharged by Defendant and who did not receive racially discriminatory comments from Mr. Lasanta.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.

**Complaint Paragraph 17:** Respondent did not issue Plaintiff progressive discipline prior to her termination.

**Answer:** In answering this Complaint Paragraph, Defendant lacks knowledge or information sufficient to form a belief as to what in particular is contemplated by Plaintiff's reference to "progressive discipline" and whether Plaintiff's reference to the same is consistent with Defendant's concept and applications of progressive discipline. Accordingly, Defendant denies the allegations of this Complaint Paragraph as stated. Defendant further denies any allegation or inference in this Complaint Paragraph that there was some type of right or guarantee to progressive discipline to which Plaintiffs were entitled or that progressive discipline was otherwise warranted in Plaintiffs' circumstances given the nature of their actions and misconduct. Defendant affirmatively states that Plaintiffs were counseled or reprimanded on failing to meet performance or conduct expectations prior to their discharges.

**Complaint Paragraph 18:** As a result of Defendant's race based discriminatory, hostile and retaliatory conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

**Answer:** In answering this Complaint Paragraph, Defendant states as follows: Deny.[1]

---

[1] Each of Plaintiffs' four counts contain "WHEREFORE" language to which no responsive pleading is required. To the extent a response is required, Defendant admits that Plaintiff seeks relief for alleged wrongs in this case. Defendant, however, expressly denies that it violated Plaintiffs' rights in any way, denies that it violated the law in any way, denies that it is liable to Plaintiffs in any way and denies that Plaintiffs are entitled to any of the relief they seek. Except as expressly admitted or qualified, Defendant expressly denies the allegations in Plaintiffs' WHEREFORE paragraphs.

## **AFFIRMATIVE DEFENSES**

Pleading further, Defendant sets forth the following affirmative defenses to the Plaintiffs' Complaint, hereby reserving its right to amend this Answer and Affirmative Defenses to assert any additional affirmative defenses discovered as a result of its own investigation and/or formal discovery in the above-captioned civil action.

1. As and for its First Affirmative Defense, Defendant avers that Plaintiffs fail to state a claim upon which relief may be granted.

2. As and for its Second Affirmative Defense, Defendant avers that it acted at all relevant times with legitimate, non-discriminatory reasons that had nothing to do with Plaintiffs' race or any alleged protected activity.

3. As and for its Third Affirmative Defense, Defendant states that any claims in the Complaint under Title VII based on alleged actions that occurred more than 300 days before the filing of an administrative charge of discrimination by Plaintiffs are time barred.

4. As and for its Fourth Affirmative Defense, Defendant states that to the extent the Complaint raises claims and allegations which are outside the scope of Plaintiffs' administrative complaints or were otherwise not raised in an administrative complaint but were required to be raised in an administrative complaint, this District Court lacks jurisdiction over those claims and allegations, and hence, should dismiss those claims and allegations.

5. As and for its Fifth Affirmative Defense, Defendant states that to the extent Plaintiffs failed to exhaust administrative remedies, failed to file the instant action within the time allotted by the applicable statute of limitation or otherwise failed to meet or adhere to jurisdictional prerequisites, this District Court lacks jurisdiction over this matter, and hence, should dismiss this matter.

6.      As and for its Sixth Affirmative Defense, Defendant states that, to the extent Plaintiffs proves that one or both of them were harassed on the basis on their race, Plaintiffs are barred from recovering for any alleged harassment because they did not suffer any tangible adverse employment action due to their race.

7.      As and for its Seventh Affirmative Defense, Defendant states that, to the extent Plaintiffs proves that one or both of them were harassed on the basis on their race, Plaintiffs are barred from recovering for any alleged harassment because: (i) Defendant exercises reasonable care to prevent and correct racially harassing behavior; and (ii) Plaintiffs unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant and/or failed to otherwise avoid harm.

8.      As and for its Eighth Affirmative Defense, Defendant states that the action(s) Plaintiffs claim were taken against them do not rise to the level of actionable harassment and do not create a legally cognizable hostile work environment.

9.      As and for its Ninth Affirmative Defense, Defendant alleges that any statement Plaintiffs may have made that allegedly constituted opposition to discriminatory practices was not based on a reasonable, good faith belief that the practice complained of violated federal law and therefore does not constitute protected activity sufficient to support a retaliation claim.

10.      As and for its Tenth Affirmative Defense, Defendant states that Plaintiffs have failed to plead the requisite factual circumstances to support a claim for punitive damages and/or to hold Defendant liable for punitive damages based upon the actions and/or inaction of its employees. In the alternative, Defendant states that it may not be held liable for punitive damages under *Kolstad v. American Dental Association,* 527 U.S. 526 (1999), due to its good faith efforts to comply with all state and federal employment discrimination laws and also because none of its

officers, directors, or managing agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards the federally protected rights of Plaintiffs.

11.     As and for its Eleventh Affirmative Defense, Defendant states that, to the extent Plaintiffs establish liability under applicable law, the amount of damages Plaintiffs may recover is limited as provided by law.

12.     As and for its Twelfth Affirmative Defense, Defendant states that Plaintiffs cannot recover against Defendant to the extent they have failed to mitigate their damages.

13.     As and for its Thirteenth Affirmative Defense, Defendant states that to the extent Plaintiffs prove that Defendant took any tangible adverse employment action against one or both of them due to any impermissible factor, Defendant would have taken the same action in the absence of any impermissible motivating factor and, therefore, any relief to which Plaintiffs are entitled is limited as provided by law.

14.     As and for its Fourteenth Affirmative Defense, Defendant avers that Plaintiffs are barred from recovery by the after-acquired evidence doctrine to the extent discovery or investigation reveals information which could serve as a basis for the termination of their employment with Defendant.

**WHEREFORE,** Defendant respectfully requests that the matter be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees.

Dated this 17th day of June, 2022.

Respectfully submitted,

MWH LAW GROUP LLP


By:   */s/ Warren E. Buliox*

Emery K. Harlan, Esq.

24

Email: emery.harlan@mwhlawgroup.com
Warren E. Buliox, Esq.
Email: warren.buiox@mwhlawgroup.com
MWH LAW GROUP LLP
180 N. LaSalle Street, Suite 3700
Chicago, IL 60601
Phone: (312) 734-1457

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 17, 2022, a copy of this document was served upon all parties in the above cause by the electronic document management/electronic filing system ("ECF"), which will send notification of such filing to all attorneys of record.

**Attorney for Plaintiffs, Christopher and Latonia Morris**
Barry A. Gomberg, Esq.
Barry Gomberg & Associates
53 W Jackson Blvd #1350
Chicago, IL 60604

*/s/Darryl D. Hatcher*