

# Exhibit E

U.S. GPO 1985 0 482 051

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy ct Statement on reverse before completing this form | ☒ IDHR ☐ EEOC |

## ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC
### (State or local Agency, if any)

| NAME (Indicated Mr., Ms., or Mrs.) Mr. Christopher Morris | HOME TELEPHONE NO. (Include Area Code) (847) 772-3260 |
|---|---|

| STREET ADDRESS 3577 Ayres Drive | CITY, STATE AND ZIP CODE Aurora, IL 60506 | COUNTY Will |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (if more than one list below.)

| NAME BorgWarner | NO. OF EMPLOYEES/MEMBERS 15 or More | TELEPHONE NUMBER (Include Area Code) (708) 547-2600 |
|---|---|---|

| STREET ADDRESS 700 South 25th Avenue | CITY, STATE AND ZIP CODE Bellwood, IL, 60104 |
|---|---|

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) ☐ RACE ☐ COLOR ☐ SEX/SEXUAL ORIENTATION ☐ RELIGION ☐ NATIONAL ORIGIN. ☐ AGE ☒ RETALIATION ☒ OTHER (Specify) Marital Status | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year) 11-11-21 (and prior) |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

## SEE ATTACHMENT.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (When necessary to meet State and Local Requirements) SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 8 February 2022 I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. Notary Stamp CURTIS R BROWN OFFICIAL SEAL Notary Public, State of Illinois My Commission Expires January 03, 2026 | SIGNATURE OF COMPLAINANT       Date 2-8-22 |

Mr. Christopher Morris
Charge of Discrimination
Page 2 of 4

I.    A.    ISSUE/BASIS

Termination, discrimination and Hostile Work Environment – November 11, 2021 (and prior) because of my marital status (married)

B.    PRIMA FACIE ALLEGATIONS

1. I am married.

2. At the time of my termination, I worked for Respondent as a MSBD Team Lead at the BorgWarner facility in Bellwood, Illinois.

3. I was told by my supervisor, Mr. Jose Lasanta, that I was to be moved to MSBD so that he could have Flor-angel Rodriguez take my position in the GMA department. Not only would I have to move but, I would be her go-to person as needed because she had no experience in bonding. Ms. Rodriguez had only worked in the housing department. When I told Mr. Lasanta that I never wanted to move to MSBD because it would create conflict on the floor and stress to me and that it was against policy, due to the fact that my wife worked in the department, he commented back to me that, "I was turning out to be just another one of those self-absorbed black people that didn't care about anything but myself." When I responded that I was worried about my job and had been in this position before, he said he did not care and that he could move me anywhere he wanted and that contacting HR would upset him but it didn't matter because he would take care of that too.

4. Mr. Lasanta forced me to sign a document that I was told was from a corporate handbook. I asked if all married couples in the building had to sign it, and specifically referenced Lisa and Mark Hernandez because they were on my shift. Mr. Lasanta told me to just mind my business. When I said that they leave the area to talk to each other, call each other over the intercom, and Lisa even helps Mark making his labels for shipping and I know this because both have come to me and asked me to check things for them, Mr. Lasanta responded by saying that I was pushing it and that I just need do what he said and my job would be fine. In meetings with Mr. Lasanta moving forward he continued to make demands eventually discriminating against me by saying that I was not to even talk to my wife during the shift and if we wanted to have lunch together, that my spouse was to meet me in a room in the front offices.

Mr. Christopher Morris
Charge of Discrimination
Page 3 of 4

5.    Not long after I was working in MSBD, complaints were made by others
regarding my working with my spouse despite the fact that my spouse
(Latonia Morris) and I did everything within our power to avoid any
appearance of favoritism. I asked Mr. Lasanta why I couldn't move back
to my old department and have Flor-angel Rodriguez take the position as it
was the same shift, or even Mark Hernandez as he was hired from the
street with high credentials and years of experience. Mr. Lasanta said that
he wanted "a black" to keep the other blacks in line. At the end of our last
meeting Mr. Lasanta again was forcing me to move to another shift and I
commented that I would now have to contact corporate as HR did nothing
for me and I was letting him know to properly follow the chain of
command. That afternoon I was instructed not to come back to work.

6.    I was terminated from my position effective November 11, 2021.

7.    The reason for my termination was pretextual because I performed my job
duties in a satisfactory manner and Mr. Lasanta intentionally placed me in
a position where I would work directly with my spouse despite complaints
by co-workers of favoritism towards my spouse, and my requests that I not
be made to work with/supervise my spouse. Said treatment subjected me
to a hostile work environment because other employees complained that I
exhibited favoritism towards my spouse in the workplace. Said
allegations were not true.

8.    Respondent did not issue me progressive discipline for any alleged
wrongdoing.

9.    Respondent made discriminatory comments regarding my marital status.

10.   Non-married employees were treated more favorably than me.

11.   My work performance was as good, if not better, than employees of
Respondent who did not work with/supervise their spouses.

12.   I suffered pecuniary loss and extreme emotional distress as a result of
Respondent's discriminatory and hostile treatment of me.

II.    A.    ISSUE/BASIS

Retaliation/Termination – November 11, 2021 (and prior) for complaining about
marital status (married) discrimination and hostile work environment.

Mr. Christopher Morris
Charge of Discrimination
Page 4 of 4

    B.    PRIMA FACIE ALLEGATIONS

1.    I am married.

2.    At the time of my termination, I worked for Respondent as a MSBD Team Lead at the BorgWarner facility in Bellwood, Illinois.

3.    I was subjected to discrimination, a hostile work environment and termination because of my marital status by Respondent.

4.    I complained to Human Resources that my supervisor, Mr. Jose Lasanta, placed me in a position where I would be working with/supervising my spouse despite my requests that I not be so placed and that Mr. Lasanta made discriminatory comments to me and created a hostile work environment at Respondent because of my marital status.

5.    Despite my complaints to Human Resources, nothing was done to discipline Mr. Lasanta or improve the discriminatory and hostile work conditions at Respondent.

6.    I was terminated from my position effective November 11, 2021 after informing Mr. Lasanta that I intended to contact the corporate office to complain about his refusal to transfer me and the discriminatory and hostile work environment I was subjected to based on my marital status, because neither Lasanta nor Human Resources had done nothing to address my prior complaints regarding same.

7.    The reason for my termination was pretextual because I performed my job duties in a satisfactory manner, and Mr. Lasanta placed me in a position where I would work directly with my spouse despite complaints by co-workers of favoritism towards my spouse, and my requests that I not be made to work with/supervise my spouse. Said treatment subjected me to a hostile work environment because other employees complained that I exhibited favoritism towards my spouse in the workplace. Said allegations were not true.

8.    Respondent did not issue me progressive discipline.

9.    My work performance was as good, if not better, than other employees of Respondent who did not allege retaliation for complaining about marital status discrimination and/or hostile work environment at Respondent.

10.    I suffered pecuniary loss and extreme emotional distress as a result of Respondent's retaliatory treatment of me.

# Exhibit F

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:
CHRISTOPHER MORRIS,

                COMPLAINANT,   )  CHARGE NO.   2022CF0826
AND                         )  EEOC NO.    21BA20324

BORG WARNER,

                RESPONDENT.  )

**NOTICE OF DISMISSAL**
**FOR LACK OF SUBSTANTIAL EVIDENCE**

For Complainant

Barry A. Gomberg
Barry Gombery & Assocaties, Ltd.
53 W. Jackson Blvd.
Suite 1350
Chicago, IL 60604

For Respondent

Warren E. Buliox
MWH Law Group, LLP
735 N. Water Street
Suite 610
Milwaukee, WI 53202

DATE OF DISMISSAL: September 9, 2022

1.    YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the Department has determined that there is NOT substantial evidence to support the allegation(s) of the charge. Accordingly, pursuant to Section 7A-102(D) of the Act (775 ILCS 5/1-101 et seq.) and the Department's Rules and Regulations (56 Ill. Adm. Code. Chapter II, §2520.560) the charge is HEREBY DISMISSED.

2.    If Complainant disagrees with this action, Complainant may:

    a) Seek review of this dismissal before the Illinois Human Rights Commission (Commission), 160 North LaSalle Street, 10th Floor, Suite N-1000, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below. Respondent will be notified by the Commission if a Request for Review is filed.

**REQUEST FOR REVIEW FILING DEADLINE DATE:** December 13, 2022

    Or, Complainant may:

    b) Commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. A complaint should be filed in the Circuit court in the county where the civil rights violation was allegedly committed.

Page 2
Notice of Dismissal for Lack of Substantial Evidence
Charge No. 2022CF0826

If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately. The EEOC generally adopts the Department's findings. The Appellate Courts in Watkins v. Office of the State Public Defender, ___ Ill.App.3d ___, 976 N.E.2d 387 (1st Dist. 2012) and Lynch v. Department of Transportation, ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act ("IHRA") against the State of Illinois in the Illinois Circuit Court are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.

3.  Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a timely written complaint is not filed with the appropriate circuit court.

4.  If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review by the EEOC, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice. However, if Complainant chooses to file a timely "Request for Review" of this dismissal with the Illinois Human Rights Commission, then Complainant must wait until receipt of a **final** notice/order by the Commission before requesting a Substantial Weight Review by the EEOC. Complainant must make a written request for Substantial Weight Review by the EEOC within fifteen (15) days of the receipt of the Human Rights Commission's **final** notice/order. Any request filed prior to your receipt of a final notice/order WILL NOT BE HONORED. Send your request for a Substantial Weight Review to **EEOC, John C. Kluczynski Federal Building, 230 South Dearborn Street, Suite 1866, Chicago, Illinois 60604.** Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

DEPARTMENT OF HUMAN RIGHTS
James L. Bennett
Director

HB1509/HB59 NOD/LSE 05/09/2022

# Exhibit G

U.S. GPO 1987 0-492-871

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy & Statement on reverse before completing this form. | x IDHR |
| | □ EEOC |

## ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC
*(State or local Agency, if any)*

| NAME *(Indicated Mr., Ms. or Mrs.)* | HOME TELEPHONE NO. *(Include Area Code)* |
|---|---|
| Mrs. Latonia Morris | (708) 516-4662 |

| STREET ADDRESS CITY, STATE AND ZIP CODE | COUNTY | |
|---|---|---|
| 3577 Ayres Drive | Aurora, IL 60506 | Will |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| BorgWarner | 15 or More | (708) 547-2600 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 700 South 25th Avenue | Bellwood, IL 60104 |

| NAME | |
|---|---|
| | TELEPHONE NUMBER *(Include Area Code)* |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE |
|---|---|
| □ RACE  □ COLOR  □ SEX/SEXUAL ORIENTATION  □ RELIGION | *(Month, day, year)* 11-16-21 (and prior) |
| □ NATIONAL ORIGIN  □ AGE  x RETALIATION  x OTHER *(Specify)* MARITAL STATUS | |

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s))*:

## SEE ATTACHMENT.

| x I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary to meet State and Local Requirements)* |
|---|---|
| | *[signature]* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)* 8 February 2022 |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare *[...]* and *[...]* | SIGNATURE OF COMPLAINANT  Date 2-9-22 |
| CURTIS R BROWN OFFICIAL SEAL *[...]* Public, State of Illinois *[...]* Commission Expires *[...]* 03, 2026 | *[signature]* Lot Mor |

Mrs. Latonia Morris
Charge of Discrimination
Page 2 of 4

I.     A.     ISSUE/BASIS

Termination, Discrimination and Hostile Work Environment – November 16, 2021(and prior) because of my marital status (married)

      B.     PRIMA FACIE ALLEGATIONS

1.     I am married.

2.     I began my employment with Respondent on or about March 9, 1999.

3.     At the time of my termination, I worked for Respondent as an MSBD Technician at the BorgWarner facility in Bellwood, Illinois.

4.     I was subjected to discrimination and a hostile work environment at Respondent and subjected to termination because of my marital status (married to a co-worker/supervisor) by my supervisor, Jose Lasanta.

5.     I complained to my supervisor, Jose Lasanta, and HR on numerous occasions about their decision to transfer my spouse to my work department because doing so was against company policy and other co-workers were complaining about same. I was also informed by Lasanta that I was not to talk to my spouse during the shift and if we wanted to have lunch together, that my spouse was to meet me in a room in the front offices. Said orders were discriminatory because non-married couples were not similarly forbidden to interact, as aforesaid, by Respondent.

6.     Neither Mr. Lasanta, nor HR, listened to my requests and concerns about my spouse being moved to my work department at Respondent.

7.     Eventually, I was transferred to a different shift at Respondent. However, I noticed that my spouse was being harassed and subject to a hostile work environment because he had been transferred to my work department and had been required to supervise me at the workplace.

8.     I was terminated from my position effective November 16, 2021.

Mrs. Latonia Morris
Charge of Discrimination
Page 3 of 4

9. The reason for my termination was pretextual because I performed my job duties in a satisfactory manner and Mr. Lasanta placed me in a position where I had to work directly with my spouse despite complaints by co-workers and my requests that I not be made to do so.

10. Respondent did not issue me progressive discipline.

11. Respondent made discriminatory comments regarding my marital status.

12. Employees of Respondent who were not married to a co-worker/supervisor were treated more favorably than me.

13. My work performance was as good, if not better, than employees of Respondent who were not married to a co-worker/supervisor.

14. I suffered pecuniary loss and extreme emotional distress as a result of Respondent's discriminatory and hostile treatment of me.

II. A. ISSUE/BASIS

Retaliation/Termination – November 16, 2021 (and prior) for complaining about marital status (married) discrimination and hostile work environment.

B. PRIMA FACIE ALLEGATIONS

1. I am married.

2. At the time of my termination, I worked for Respondent as an MSBD Technician at the BorgWarner facility in Bellwood, Illinois.

3. I was subjected to a hostile work environment at Respondent and subjected to termination because of my marital status by Respondent.

4. I complained to my supervisor, Jose Lasanta, and HR on numerous occasions about their decision to transfer my spouse, Christopher Morris, to my work department because doing so was against company policy. As a result of the transfer, co-workers began complaining that my spouse was exhibiting favoritism towards me, although it was not true.

Mrs. Latonia Morris
Charge of Discrimination
Page 4 of 4

5.  Neither Mr. Lasanta, nor HR, listened to my concerns regarding my spouse being moved to my work department at Respondent. Said disregards regarding my concerns, as well as the complaints of co-workers of alleged favoritism contributed to the hostile work environment at Respondent.

6.  Eventually, I was transferred to a different shift at Respondent. However, I noticed that my spouse was being harassed and subject to a hostile work environment because he had been transferred to my work department and had been required to supervise me at the workplace. I informed Mr. Lasanta and HR that I would be complaining to the corporate office about marital status discrimination and hostile work environment on behalf of myself and my spouse.

7.  Two days after I complained about marital status discrimination and hostile work environment and threatened to complain to the corporate office of Respondent, I was terminated from my position effective November 16, 2021 in retaliation for opposing marital status discrimination and hostile work environment.

8.  I was not provided a reason for my termination. Nevertheless, any reason Respondent may give now for my termination would be pretextual because I performed my job duties in a satisfactory manner and Mr. Lasanta intentionally placed me in a position where I would work directly with my spouse despite complaints by co-workers of favoritism and my requests that I not be made to do so. The complaints of said co-workers contributed to the hostile work environment to which I was subjected.

9.  Respondent did not issue me progressive discipline.

10. I suffered pecuniary loss and extreme emotional distress as a result of Respondent's retaliatory treatment of me.

# Exhibit H

## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

**IN THE MATTER OF:**

LATONIA MORRIS,

                COMPLAINANT,     )  CHARGE NO.   2022CF0827

AND                               )  EEOC NO.     21BA20325

BORG WARNER,

                RESPONDENT.  )

## NOTICE OF DISMISSAL
## FOR LACK OF SUBSTANTIAL EVIDENCE

For Complainant

Barry A. Gomberg
Barry Gombery & Assocaties, Ltd.
53 W. Jackson Blvd.
Suite 1350
Chicago, IL 60604

For Respondent

Warren E. Buliox
MWH Law Group, LLP
735 N. Water Street
Suite 610
Milwaukee, WI 53202

DATE OF DISMISSAL: September 9, 2022

1.    YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the Department has determined that there is NOT substantial evidence to support the allegation(s) of the charge. Accordingly, pursuant to Section 7A-102(D) of the Act (775 ILCS 5/1-101 et seq.) and the Department's Rules and Regulations (56 Ill. Adm. Code. Chapter II, §2520.560) the charge is HEREBY DISMISSED.

2.    If Complainant disagrees with this action, Complainant may:

    a) Seek review of this dismissal before the Illinois Human Rights Commission (Commission), 160 North LaSalle Street, 10th Floor, Suite N-1000, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below. Respondent will be notified by the Commission if a Request for Review is filed.

**REQUEST FOR REVIEW FILING DEADLINE DATE:** December 13, 2022

    Or, Complainant may:

    b) Commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. A complaint should be filed in the Circuit court in the county where the civil rights violation was allegedly committed.

Page 2
Notice of Dismissal for Lack of Substantial Evidence
Charge No. 2022CF0827

> If you intend to exhaust your State remedies, please notify the
> Equal Employment Opportunity Commission (EEOC) immediately.
> The EEOC generally adopts the Department's findings. The Appellate
> Courts in Watkins v. Office of the State Public Defender, ___ Ill.App.3d
> ___, 976 N.E.2d 387 (1st Dist. 2012) and Lynch v. Department of
> Transportation, ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have
> held that discrimination complaints brought under the Illinois Human Rights
> Act ("IHRA") against the State of Illinois in the Illinois Circuit Court are
> barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.).
> Complainants are encouraged to consult with an attorney prior to
> commencing a civil action in the Circuit Court against the State of Illinois.

PLEASE NOTE: The Department cannot provide any legal advice or assistance.
Please contact legal counsel, your city clerk, or your county clerk with any
questions.

3.    Complainant is hereby notified that the charge(s) will be dismissed with prejudice
      and with no right to further proceed if a timely request for review is not filed with
      the Commission, or a timely written complaint is not filed with the appropriate circuit
      court.

4.    If an EEOC charge number is cited above, this charge was also filed with the
      Equal Employment Opportunity Commission (EEOC). If this charge alleges a
      violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age
      Discrimination in Employment Act of 1967, Complainant has the right to request
      EEOC to perform a Substantial Weight Review of this dismissal. Please note
      that in order to receive such a review by the EEOC, it must be requested in
      writing to EEOC within fifteen (15) days of the receipt of this notice. However, if
      Complainant chooses to file a timely "Request for Review" of this dismissal with
      the Illinois Human Rights Commission, then Complainant must wait until receipt
      of a final notice/order by the Commission before requesting a Substantial Weight
      Review by the EEOC. Complainant must make a written request for Substantial
      Weight Review by the EEOC within fifteen (15) days of the receipt of the Human
      Rights Commission's final notice/order. Any request filed prior to your receipt of
      a final notice/order WILL NOT BE HONORED. Send your request for a
      Substantial Weight Review to EEOC, John C. Kluczynski Federal Building, 230
      South Dearborn Street, Suite 1866, Chicago, Illinois 60604. Otherwise,
      EEOC will generally adopt the Department of Human Rights' action in this case.

                              DEPARTMENT OF HUMAN RIGHTS
                              James L. Bennett
                              Director

HB1509/HB59 NOD/LSE 05/09/2022