# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER MORRIS AND LATONIA MORRIS,** | |
| **Plaintiffs,** | |
| v. | No. 22 C 2764 |
| **BORGWARNER,** | **Judge Jorge L. Alonso** |
| | **Magistrate Judge Beth W. Jantz** |
| **Defendants.** | |

## ORDER

Plaintiffs have filed a motion to compel the inspection of Defendant's premises [Dkt. 38]. For the reasons stated below, that motion is denied without prejudice to renewal after further discovery has taken place. Defendant's request for reasonable expenses incurred in opposing Plaintiff's motion is denied.

## BACKGROUND

Plaintiffs are a married couple and former employees of BorgWarner who previously worked on the production work floor of Defendants' Bellwood, Illinois facility. Plaintiffs brought this lawsuit alleging, among other things, that their termination was the result of discrimination and retaliation. [Dkt. 1; Dkt. 38 at 5.] Defendant counters that the decisions to terminate Plaintiffs were based largely on reports of misconduct received from other employees of the Bellwood facility. [Dkt. 40 at 2-4.] Specifically, other employees complained that Ms. Morris often followed her husband around the work floor, harassed and intimidated other female employees who spoke with her husband, and the couple had several arguments on the floor in front of other employees. [Id.]

On January 27, 2023, Plaintiffs issued a subpoena for inspection of the production floor where Plaintiffs worked from April 2021 to November 2021. [Dkt. 38-2.] Defendant objected, and Plaintiffs filed the instant motion. [Dkt. 38.] Plaintiffs argue that they need the inspection of the production floor so that counsel can observe and measure the noise level on the floor (to prove that employees could not easily hear each other speaking to one another), inspect the distance between Plaintiff Latonia Morris' machine and the rest of the production floor, view the sightlines from Ms. Morris' workstation and the production floor, and assess Ms. Morris' ability to see her husband and other employees from her work station. [Id. at 3-4.]

Defendant argues that an inspection is premature, not likely to produce relevant evidence, and not proportional to the needs of this case. [Dkt. 40.]

## DISCUSSION

Under Rule 34(a)(2), a party may request an inspection of another party's land or property in order to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Such a request is subject to limitations in scope in accordance with Rule 26(b), which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

A court may therefore "limit discovery, including a request for inspection, if the burden or expense outweighs its likely benefit." *King v. Nw. Cmty. Hosp.*, No. 09 C 5903, 2010 WL 11712049, at *1 (N.D. Ill. June 28, 2010).

When addressing motions to compel, the court has broad discretion and may deny discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *see also Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). "[A] district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 449–50 (N.D. Ill. 2006).

As an initial matter, the Court finds the authorities cited by Plaintiffs distinguishable from the instant case. Both *EEOC v. Libbey-Owens-Ford, Co*., 93 F.R.D. 370 (N.D Ill. 1981) and *E.E.O.C. v. Supervalu, Inc.*, No. 09 CV 5637, 2010 WL 5071196, at *1 (N.D. Ill. Dec. 7, 2010) involved situations where the employers' physical plant was foundational to the controversy and potential remedies. For example, in the *Libbey-Owens-Ford* case, plaintiffs were challenging an employer's minimum height and weight requirements, which they contended discriminated against women. *Id.* An inspection was requested, and allowed, so plaintiffs could observe a special production line that had been established specifically to study the relationship between those employment requirements and the work being conducted. *Id.* In *Supervalu,* the EEOC sought to inspect a sample of the employer's stores with an engineer trained in assessing whether or not certain modifications or assistive devices were possible to accommodate employees with disabilities. No. 09 CV 5637, 2010 WL 5071196, at *10. In contrast here, the physical plant of BorgWarner's Bellwood facility is not necessarily a main character in the story. Nonetheless, as the party resisting discovery, it is Defendant who has the burden of demonstrating why an inspection would be improper, so the Court turns to BorgWarner's arguments.

Defendant first argues that Plaintiffs' request to inspect is premature because Plaintiffs have not deposed the former coworkers whose statements Plaintiffs now seek to undermine, nor have they deposed all the decisionmakers responsible for their termination. [Id. at 6.] In support of this argument, Defendant cites to *King v. Northwest Cmty. Hosp.*, 2010 U.S. Dist. LEXIS 164539 (N.D. Ill., June 28, 2010). In that case, plaintiff sought inspection of her former employer's premises to show that her co-workers could have overheard the manager making age- and disability-related comments towards her. The Court denied plaintiff's motion, noting that Plaintiff had "not yet deposed any of these co-workers, so there is no way of knowing what, if anything, they overheard" and that "defense witnesses deposed to date 'have steadfastly denied that the age and disability related comments . . . were ever made' at all." *Id.*

The Court finds this rationale and cited authority persuasive. It seems unlikely that a third party would be able to make much of an inspection of the premises without first understanding where the alleged incidents took place and the characteristics (such as height, vision and hearing abilities, etc.) of the witnesses to the events. Thus, it makes good sense to obtain testimony from the first-hand witnesses prior to attempting to discredit their statements through an abstract inspection of the premises.

Indeed, Plaintiffs do not offer any explanation for why they need to inspect the production floor *prior to* deposing relevant witnesses, and it is logical that such testimony would at least narrow, and at most potentially avoid, the need for a tour of an operating production floor. To the extent Plaintiffs believe that an inspection of the premises prior to witness depositions would be beneficial, Defendant's other arguments against inspection—proportionate need and likelihood of turning up relevant evidence—weigh against permitting such an inspection at this juncture.

Defendants argue that inspection is disproportionately burdensome given the needs of this case, and that there are several less-burdensome alternatives to provide Plaintiffs with information. On the burden end of the equation, Plaintiffs specifically are requesting an inspection during actual working hours, when machines are up and running, in order to observe the noise level. Defendant argues that "the production floor is a potentially dangerous place that is not open to the public." [Dkt. 40 at 13.] Employees of BorgWarner regularly undergo safety training and instruction, and the production floor is full of heavy equipment and machinery that poses potential risks to untrained individuals. [Id. at 13-14.] These are reasonable concerns, and "a court must balance the need for an inspection by the moving party against the burdens and dangers created by the inspection." *Schofield v. United States Steel Corp.,* No. 2:04-CV-520-PRC, 2005 WL 8170022, at *2 (N.D. Ind. Nov. 7, 2005) (citing *Belcher v. Bassett Furniture Industries, Inc.,* 588 F.2d 904, 910 (4th Cir. 1978)).

Defendants also point to additional burdens that may be created depending on the makeup of the inspecting group, a point on which Plaintiffs' subpoena and brief are not entirely clear. Defendants note that, if Plaintiffs themselves were to attend the inspection, it would likely cause "significant workplace distraction," which seems entirely probable in light of the allegations and testimony thus far in this case. [Dkt. 40 at 13.] Defendants also raise a question about Plaintiffs' stated and somewhat unexplained intent to have a "former safety officer for

another entity" attend the tour, given that safety issues have not been an element of the case thus far. [Id.]

      As for alternatives, in lieu of allowing a disruptive and potentially dangerous inspection of the shop floor during work hours, Defendant has offered to provide additional information such as the actual dimensions of the floor plan already provided and photographs of whatever machines and areas of the production floor Plaintiffs identify. [Dkt. 40 at 13.] And, as noted above, deposition testimony can provide further information about where the complaining co-workers were standing in relation to the Plaintiffs during specific incidents, where their workstations were located in relation to the Plaintiffs, what those individuals could or could not see or hear from their workstations or other areas of the production floor, et cetera. Without first having that information, an inspection by a third party does not seem reasonably calculated to lead to relevant evidence at this juncture.

## CONCLUSION

      For the foregoing reasons, Plaintiffs' motion to compel inspection of BorgWarner's Bellwood, Illinois facility is denied, without prejudice to renewal following the completion of depositions in this matter. Defendant's undeveloped request for reasonable expenses incurred in opposing Plaintiff's motion is denied. The parties are directed to meet and confer by 5/31/23 regarding the alternative proffers of information suggested by Defendant, including an updated depiction of the production floor containing accurate dimensions and photographs of workstations and other areas of the production floor. The parties should discuss the specific vantage points that photographs could be taken from, such as from Ms. Morris' old workstation, as well as the possibility of providing video with sound showing, for example, the sightlines from Ms. Morris' old workstation.

Dated:  5/15/23

E N T E R:

BETH W. JANTZ
United States Magistrate Judge